UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH RAIMONDO,

        Plaintiff,               Case No.: 04-CV-74287-DT

                                    HON. DENISE PAGE HOOD
vs.                                   MAG. JUDGE WALLACE CAPEL, JR.

THOMAS F. MYERS, et. al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

**I.**    **INTRODUCTION**

Before the Court is "Defendant Clinton Township's Motion to Dismiss and For Sanctions," filed April 25, 2005; "Defendants G. Gus Morris' and Cox, Hodgman and Giarmarco, P.C.'s Motion to Dismiss and For Sanctions," filed April 29, 2005; Defendants Gregory T. Stremers, Touma, Watson, Whaling, Coury & Castello, P.C., Capac State Bank, Inc., Capac Bancorp, Inc. and Joseph F. Salas' Motion to Dismiss Complaint and Impose Sanctions," filed March 24, 2005, all in the United States District Court, Eastern District of Michigan.

**II.**    **STANDARD OF REVIEW**

The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint. When considering a motion to dismiss pursuant to Rule 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded allegations in the complaint as true. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974). Dismissal pursuant to a Rule 12(b)(6) motion is proper only if it is clear that no relief could be granted under any set

of facts that could be proved consistent with the allegations. Bloch v. Ribar, 156 F.3d 673, 677 (6th Cir. 1998).

It must be mentioned that *pro se* complaints are to be construed liberally; however, a court is not required to accept a plaintiff's summary allegations or unwarranted legal conclusions in ruling on a motion to dismiss. Lillard v. Shelby County Bd. Of Educ., 76 F.3d 716, 726 (6th Cir. 1996). A complaint will not survive a Rule 12(b)(6) challenge unless it contains either direct or inferential allegations respecting all of the material elements necessary to sustain a recovery under a viable legal theory. Uttilla v. City of Memphis, 40 F.Supp.2d 968, 970 (W.D. Tenn. 1999)(quoting Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)). Lastly, the court is prohibited from acting as an advocate for *pro se* litigants. Berridge v. Heiser, 993 F.Supp. 1136, 1141 (S.D. Ohio 1997)(citing Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)).

Fed.R.Civ.P. 12(b)(6) states, "If on a motion [for judgment on the pleading] matters outside the pleadings are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56......"

Under Fed.R.Civ.P. 56(c), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." In essence, Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). The court must view the evidence in a light most favorable to the nonmovant as well as draw all

reasonable inferences in the nonmovant's favor.  Bender v. Southland Corp., 749 F.2d 1205, 1210-1211 (6th Cir. 1984).  However, the court is not permitted to judge the evidence or make findings of fact.  60 Ivy Street Corporation v. Alexander, 822 F.2d 1432, 1435 (6th Cir. 1987).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact.  This burden may be discharged by showing there is an absence of evidence to support the nonmoving party's case.  Celotex Corp., 477 U.S. at 325.  Once the moving party discharges this burden, it then shifts to the nonmoving party to present specific facts showing a genuine triable issue.  Fed.R.Civ.P. 56(e).  To create a genuine issue of material fact, the nonmoving party must produce evidence sufficient to require submission of the issue to a jury.  Lucas v. Leaseway Multi Transp. Serv. Inc., 738 F.Supp. 214, 217 (E.D. Mich, 1990).

**III.   ANALYSIS**

    **A.   Clinton Township**

Defendant argues that Counts I and II of Plaintiff's Complaint alleging libel should be dismissed because the letter is not defamatory, and Defendant had no knowledge of the letter, did not contribute to the letter, and had no role in offering the letter.

It is unnecessry to address the merits of Defendants' argument because Counts I through IV of Plaintiff's Complaint are barred by the statute of limitations.

Plaintiff has attached to his Complaint the exhibits which form the basis of his libel claims. Exhibit A was dated January 28, 2003; Exhibit B was dated January 24, 2003; Exhibit C was not dated, but according to the Plaintiff, was distributed some time in 2000, and, Exhibit D was dated July 30, 2001.

Libel in Michigan is governed by a one-year statute of limitations, MCL § 600.5805(7).  The period of limitations runs from the time the claim accrues which in the case of libel is from the time of publication even though the person defamed has no knowledge thereof until sometimes afterwards.  MCL § 600.5827.

Plaintiff's Complaint was filed in November of 2004, past the time necessary for Counts I through IV to be timely.  Counts I through IV, therefore, should be dismissed as time barred.

Defendant claims that Count XII is a libel claim based upon a memo produced by Ralph Goode, which should be dismissed against the Defendant because he did not take part in its production. I agree.  Plaintiff fails to present any evidence that the Defendant authored or published the memo.  Furthermore, the claim is barred by the statute of limitations.

Defendant argues that Count V is barred by res judicata.  I agree.  However, I need not address the merits of the argument because the claim is barred by the statute of limitations.  "In a civil action for damages resulting from wrongful acts alleged to have been committed in pursuance of a conspiracy, the gist or gravamen of the action is not the conspiracy but is the wrongful acts causing the damages."  Roche v. Blair, 305 Mich. 608, 613-14, 9 N.W.2d 861 (1943); Gilbert v. Grand Trunk Western R.R., 95 Mich.App. 308, 313, 290 N.W.2d 426 (1980).  Civil conspiracy alone is not an actionable tort.  Roche, 305 Mich. at 614-16.

The cause of action results from the acts that produced Plaintiff's damages.  Id. at 614-616.  In this case, the underlying cause of action alleged is libel, which has a one year statute of limitations, MCL § 600.5805(7).  The statute of limitations had run on Plaintiff's libel claims prior to the filing of his Complaint.  Plaintiff's claim, therefore, must be dismissed.

Defendant claims that Counts VI, VII, VIII, IX, X, and XI, should be dismissed because Plaintiff has not established that the Defendant had a policy, custom, or procedure which caused a constitutional deprivation. Defendant is correct. "A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." Board of County Com'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 403, 117 S.Ct. 1382 (1997). A municipality cannot be held liable under § 1983 for an injury inflicted solely by its employees or agents. For liability to attach, there must be execution of a government's policy or custom which results in a constitutional tort. Gregory v. Shelby County, Tenn., 220 F.3d 433, 441 (6th Cir. 2000).

A plaintiff must, in order to show a custom or policy, adduce specific facts in support of his claim. Conclusory allegations will not lie. Culberson v. Doan, 125 F.Supp.2d 252, 263-64 (S.D. Ohio 2000). Furthermore, it is not enough for a plaintiff to simply identify conduct attributable to a municipality. Rather, a plaintiff must demonstrate that through it's deliberate conduct, the municipality was the "moving force" behind the injury alleged. Brown, 520 U.S. at 404. The Plaintiff has failed to meet these requirements in this case. Plaintiff's claims, therefore, should be dismissed.

The Defendants are requesting sanctions against the Plaintiff, but fail to identify under what rule or statute sanctions are being sought. Defendant is not entitled to Rule 11 sanctions. Rule 11 is unavailable where the moving party fails to serve a timely "safe harbor" letter. Ridder v. City of Springfield, 109 F.3d 288, 297 (6th Cir. 1997). Defendants' request for sanctions should be denied.

**B.     G. Gus Morris and Cox, Hodgman and Giarmarco, P.C.**

The Defendants argue that Counts I through IV are barred by the one year statute of limitations for libel. I agree. Michigan has a one year statute of limitations for libel, MCL § 600.5805(7). The period of limitations runs from the time of publication even though the person defamed has no knowledge thereof until sometimes afterwards, MCL § 600.5827.

The documents relied upon by Plaintiff to establish his libel claims, as previously discussed, do not extend past January 28, 2003. Plaintiff filed his Complaint in November of 2004, after the one year deadline. Plaintiff's claims are barred.

Counts V and XII of Plaintiff's Complaint are also barred by the statute of limitations for the same reasons as discussed previously. Both claims are libel based and not filed in a timely manner.

The Defendants argue that Counts VI, VII, VIII, IX, X, and XI should be dismissed because they allege First Amendment violations based upon the actions of the two attorneys in defending this case, but neither attorney is a state actor. Again, I agree. To state a claim under § 1983, a plaintiff must show that the defendants deprived him of a right secured by the Constitution of Laws of the United States while acting "under color of state law." Wolotsky v. Huhn, 960 F.2d 1331, 1335 (6th Cir. 1992). Defendants in this case are not state officials; they are private attorneys and a private law firm. It is well established that a lawyer representing a client is not a state actor "under color of state law" within the meaning of § 1983. Polk County v. Dodson, 454 U.S. 312, 318, 102 S.Ct. 445 (1998); Catz v. Chalker, 142 F.3d 279, 289 (6th Cir. 1998). A private person may be deemed a "state actor" for § 1983 purposes under certain circumstances.

The Sixth Circuit recognizes three tests to determine whether private conduct is fairly attributable to the state; the public function test, the state compulsion test, and the nexus test.  Under the public function test, the private entity must exercise powers which are traditionally exclusively reserved to the state.  Under the state compulsion test, the state must have significantly encouraged or coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state.  Under the nexus test, Plaintiff must show a sufficiently close relationship between the state and the private actor so that the action taken may be attributed to the state.  Ellison v. Garbarino, 48 F.3d, 192, 195 (6th Cir. 1995).  Plaintiff fails in this case to meet the requirements of any of these tests.  His claims of conspiracy are wholly conclusory and unsupported by any facts; they are premised upon mere conclusions and opinions.  Vague and conclusory allegations unsupported by material facts are not sufficient to state a claim under § 1983.  Gutierrez v. Lynch, 826 F.2d 1534, 1538 (6th Cir. 1987).  Plaintiff's claims against the Defendants accordingly should be dismissed.  Defendants are also requesting Rule 11 sanctions.  Defendants request should be denied.

In this case, the Defendants failed to comply with the twenty-one day "safe harbor" service provision, and failed to serve the motion separate and apart from their motion to dismiss.  *See* Ridder, 109 F.3d 288 at 297.

### C. Defendants Gregory T. Stremers, Touma, Watson, Whaling, Coury & Castello, P.C., Capac State Bank, Inc., Capac Bancorp, Inc., and Joseph F. Salas' Motion to Dismiss Complaint and Impose Sanctions

The Defendants argue that Counts I, II, III, IV, V, and XII are time barred, and should be dismissed as res judicata.  I need not review the merits of Defendants argument that Plaintiff's claims are barred by res judicata because the claims are barred by the statute of limitations.  I will

7

not restate the analysis in regard to this argument but simply refer to the previous analysis. Defendants argue that Counts VI, VII, VIII, IX, X, and XI should be dismissed because Defendants are not state actors and because of res judicata. I agree. For the reasons previously stated, Plaintiff has not established that the Defendants conduct allows them to be sued as state actors, pursuant to § 1983. I, therefore, need not address Defendants res judicata argument. Plaintiff's claims against the Defendants should be dismissed.

The Defendants also seek sanctions, and also fail to identify under what rule or statute sanctions are being sought. To the extent that Defendants are seeking sanctions pursuant to Rule 11, the request should be denied for failure to comply with the "safe harbor" requirement. Ridder, 109 F.3d at 297.

### III.     CONCLUSION

For the reasons stated above, it is respectfully recommended that the Defendants' Motions be **GRANTED IN PART** and **DENIED IN PART** in accordance with the analysis, and that the Complaint be dismissed.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the parties are hereby notified that within ten days after being served with a copy of this recommendation that they may serve and file specific, written objections to the proposed findings and recommendations. Further, either party may respond to another party's objections within ten days after being served with a copy thereof. The parties are further informed that failure to timely file objections may constitute a waiver of any further right of appeal to the United States Court of Appeals. United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

In accordance with the provisions of Rule 6(b) of the Federal Rules of Civil Procedure, the Court, in its discretion, may enlarge the period of time in which to file objections to the report.

                                            s/Wallace Capel, Jr.
                                            **WALLACE CAPEL, JR.**
                                            **UNITED STATES MAGISTRATE JUDGE**

Date:   August 5, 2005

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on <u>August 5, 2005</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: <u>Molly A. Mack, Stephen D. McGraw, Timothy J. Mullins, Thomas F. Myers, Mark E. Shreve,</u>

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: <u>James S. Meyerand, One S. Main, 8th Floor, Mt. Clemens, Michigan 48043, Joseph Raimondo, P. O. Box 330, Aramda, Michigan 48005, Jill K. Smith One S. Main, 8th Floor, Mt. Clemens, Michigan 48043, Gregory T. Stremers, 316 McMorran Boulevard, Suite 100, Port Huron, Michigan 48060-3808</u>.

                                                  s/James P. Peltier
                                                  United States District Court
                                                  Flint, Michigan 48502
                                                  810-341-7850
                                                  E-mail: pete_peltier@mied.uscourts.gov