UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH RAIMONDO,

    Plaintiff,

Case No.04-CV-74287-DT

v.

HONORABLE DENISE PAGE HOOD

THOMAS F. MYERS; GARAN, LUCOW,
MILLER, P.C.; ARMADA VILLAGE, INC.;
NANCY PARMENTER; JOSEPH GOLEMBIEWSKI;
ROBERT STANDFEST; MEADOWBROOK
CLAIMS SERVICE; MACOMB COUNTY; MACOMB
COUNTY CORPORATE COUNSEL; JAMES S.
MEYERLAND; RALPH GOODE; G. GUS MORRIS;
COX, HODGAM AND GLAMARCO, P.C.;
TOWNSHIP OF CLINTON; GREGORY T. STREMERS;
TOUMA, WATSON, WHALING, COURY AND
CASTELLO, P.C.; CAPAC STATE BANK, INC.;
CAPAC BANCORP, INC.; JOSEPH F. SALAS;
MARK L. CLARK; MCLEAN, MIJAK, AND CLARK,
P.C.; JAMES R. CASE; KERR, RUSSELL AND WEBER,
P.L.C.; and JOHN DOE,

    Defendants.

_____/

**ORDER ACCEPTING REPORTS AND RECOMMENDATIONS**
**AND**
**ORDER REFERRING CASE TO MAGISTRATE JUDGE**

**I.    BACKGROUND**

This matter is before the Court on various Reports and Recommendations issued by Magistrate Judge Wallace Capel, Jr. Any appeal of or objections to a magistrate judge's Report and Recommendation must be made within ten (10) days of the entry of the Report, must specify the part of the order the party objects to, and state the basis for the objection. E.D. Mich. LR 72.1; 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(a). Objections that are only general and are not specific waive the right to appeal. *See Howard v. Secretary of HHS,* 923 F.2d 505, 508-09 (6th Cir. 1991). The Court

reviews *de novo* those portions of the Report to which objection is made. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. 28 U.S.C. § 636(b)(1). To date, no Objections have been filed to the Report and Recommendation.

This is the fifth lawsuit filed by Plaintiff stemming from zoning disputes with the Village of Armada regarding his property and a raid on his property which occurred in April 1998. In the instant action, Plaintiff is suing some of the parties involved in the previous lawsuits and their counsel. Plaintiff alleges twelve counts in his Complaint: Libel (Counts I to IV); Civil Conspiracy to Obstruct Justice (Count V); 42 U.S.C. § 1983, Conspiracy to Thwart Due Process by Obstructing Justice (Counts VI to X); Civil Conspiracy to Interfere and Deprive Plaintiff's First Amendment Rights (Count XI); and, Wanton Gross and Reckless Negligence (Count XII). Plaintiff bases his Complaint on four writings attached as Exhibits A through D to his Complaint. Exhibit A is a memorandum dated January 28, 2003 written by Defendant Nancy Parmenter, an Armada Village Council member, to the Council regarding the status of the case and indicating defense counsel's concerns about Plaintiff's mental health. Exhibit B is a letter dated January 24, 2003 written by Defendant Thomas F. Myers, counsel for the Village of Armada, to the Village's insurance adjuster, Meadowbrook Claims Service. The letter advises the insurance adjuster as to the status of settlement discussions. Exhibit C is an undated memorandum from Defendant Ralph Goode, Deputy Chief Investigator for the Macomb County Prosecutor's Office indicating Plaintiff is a possible dangerous subject. Plaintiff claims that this memorandum was published sometime in the year 2000. Exhibit D are minutes of a Special Council Meeting on July 30, 2001 indicating the Council met in Executive Session to discuss pending litigation.

**II.     ANALYSIS**

    **A.     Service**

Magistrate Judge Capel issued a Report and Recommendation and Amended Report and Recommendation, both dated August 16, 2005 on three motions: 1) Thomas F. Myers and Garan Lucow Miller's Motion to Quash Plaintiff's Summons and Complaint and to Impose Sanctions; 2) James R. Case and Kerr, Russell, Weber, PLC's Motion to Quash Plaintiff's Summons and Complaint and to Impose Sanctions; and, 3) Mark L. Clark and McLean, Mijak & Clark P.C.'s Motion to Quash Summons and Dismiss Complaint for Lack of Service.

The Court has had an opportunity to review the Report and Recommendation and finds that the Magistrate Judge reached the correct conclusion for the proper reasons on the motions relating to service. The Court agrees with the Magistrate Judge that Plaintiff failed to properly serve the above-noted Defendants under Fed. R. Civ. P. 4(e) and (h) and M.C.R. 2.105(A) and (D). Plaintiff also failed to properly serve these Defendants within the 120-day time requirement under Fed. R. Civ. P. 4(m).

The Court also agrees with the Magistrate Judge that these Defendants have not shown they are entitled to sanctions.

    **B.     Motions to Dismiss and for Sanctions**

Magistrate Judge Wallace Capel, Jr. issued a Report and Recommendation dated August 5, 2005 on three Motions to Dismiss and for Sanctions: 1) Defendant Clinton Township's Motion to Dismiss and for Sanctions; 2) Defendants G. Gus Morris and Cox, Hodgman and Giarmarco, P.C.'s Motion to Dismiss and for Sanctions; and 3) Defendants Gregory T. Stremers, Touma, Watson, Whaling, Coury & Costello, P.C., Capac State Bank, Inc., Capac Bancorp, Inc. and Joseph F. Salas'

Motion to Dismiss Complaint and Impose Sanctions.

The Court has had an opportunity to review the Report and Recommendation and finds that the Magistrate Judge reached the correct conclusion for the proper reasons. The Court agrees with the Magistrate Judge that Plaintiff's libel counts, Counts I through IV, are barred by the statute of limitations. In Michigan, libel claims are governed by a one-year statute of limitations, M.C.L. § 600.5805(7), which accrues from the time of publication, even though the person defamed has no knowledge of the publication. M.C.L. § 600.5827. The latest of the publications, as alleged by Plaintiff in his Complaint, was the January 28, 2003 memorandum by Defendant Parmenter. The instant suit was filed on November 2, 2004. Plaintiff's libel claims are barred by the statute of limitations, specifically, Counts I through IV. It is noted that although Counts V through XII are not titled "Libel" claims, the underlying facts supporting the claims involve the publication of the various writings set forth in Exhibits A through D of Plaintiff's Complaint.[1] Inasmuch as Counts V through XII allege libel claims, those claims are dismissed as well.

Counts V and XI allege Civil Conspiracy to Obstruct Justice and Conspiracy to Interfere and Deprive First Amendment Rights, respectively. As noted above, the underlying factual allegations are based on the publication of the writings set forth in Exhibits A through D. The Court agrees with the Magistrate Judge that civil conspiracy alone is not an actionable tort. *See Roche v. Blair,* 305 Mich. 608, 614-16 (1943). "In a civil action for damages resulting from wrongful acts alleged to have been committed in pursuance of a conspiracy, the gist or gravaman of the action is not the conspiracy but is the wrongful acts causing the damages." *Id.* at 613-14; *Gilbert v. Grand Trunk*

---

[1] *See:* Count V, ¶¶ 57-74; Count VI, ¶¶ 80-82; Count VII, ¶¶ 126-129; Count VIII, ¶ 140; Count IX, ¶ 147; Count X, ¶ 152; Count XI, ¶¶ 157-158; and Count XII, ¶¶ 163-173.

*Western R.R.,* 95 Mich. App. 308, 313 (1980). The conspiracy claims set forth in Counts V and XI must be dismissed because the allegations are based on libel claims set forth in Exhibits A through D of the Complaint which are barred by Michigan's one-year statute of limitations for libel actions.

Counts VI through X allege 42 U.S.C. § 1983 claims of obstruction of justice. The Court agrees with the Magistrate Judge that as to Defendant Clinton Township, a municipality cannot be held liable under § 1983 for an injury inflicted solely by its employees or agents without showing that a municipal policy or custom caused the injury. *See, Gregory v. Shelby County, Tenn.,* 220 F.3d 433, 441 (6th Cir. 2000). Plaintiff's Complaint fails to identify a policy or custom by Defendant Clinton Township which was the moving force behind his alleged injury. *Board of County Comm'rs of Bryan County Okl. v. Brown*, 520 U.S. 397, 404 (1997). As to the attorney Defendants who represented the parties in prior lawsuits filed by Plaintiff, the Court agrees with the Magistrate Judge that these Defendants are not state officials. A lawyer representing a client is not a state actor "under color of state law" within the meaning of § 1983. *Polk County v. Dodson,* 454 U.S. 312, 318 (1998); *Catz v. Chalker,* 142 F.3d 279, 289 (6th Cir. 1998). The facts alleged by Plaintiff regarding the attorney Defendants relate to litigation strategy and actions while representing their clients. The § 1983 claims against the attorney Defendants and their firms must be dismissed because these Defendants are not state actors. It is further noted that Plaintiff has not identified any constitutional "obstruction of justice" right which he could allege under § 1983. The federal obstruction of justice statute, 18 U.S.C. § 1503, is a penal statute and does not create a private cause of action. *See Culberson v. Doan,* 125 F.Supp.2d 242, 279 (S.D. Ohio 2000). Even if Plaintiff could show that these Defendants are state actors, because the federal obstruction of justice statute does not create a private cause of action, Plaintiff's obstruction of justice claims must be dismissed.

5

Count XII alleges a Wanton-Gross and Reckless Negligence claim. The Court agrees with the Magistrate Judge that the fact alleged in Count XII is based on a libel claim, which is barred by Michigan's libel one-year statute of limitations. Even if Plaintiff believes he has alleged some sort of gross negligence claim, evidence of ordinary negligence is insufficient to show gross negligence. *Maiden v. Rozwood,* 461 Mich. 109, 122-23 (1999). Plaintiff merely claims that Defendants' writings were grossly negligent. A plaintiff must demonstrate that the alleged gross negligence was "the sole" proximate cause of a plaintiff's injuries. *Robinson v. City of Detroit,* 462 Mich. 439, 446-47 (2000). Plaintiff's Complaint fails to allege that Defendants' gross negligence, if any, was the "the sole" proximate cause of Plaintiffs' injuries. Count 15 must be dismissed.

Defendants also claim that Plaintiff Complaint is barred by *res judicata*. Under the doctrine of *res judicata* or claim preclusion, a final judgment on the merits precludes a party from relitigating claims that were or which could have been asserted in an earlier action between the same parties. *Federated Dep't Stores, Inc. v. Moitie,* 434 U.S. 394, 398 (1981), *Sanders Confectionery Prods., Inc. v. Heller Fin, Inc.,* 973 F.2d 474, 480 (6th Cir. 1992). *Res judicata* is established by four elements: 1) a final decision on the merits in an earlier action by a court of competent jurisdiction; 2) the later action involves the same parties or their privies; 3) the later action raises issues that were or could have been asserted in the earlier action; and 4) there is an identity of the causes of action. *Sanders Confectionery*, 973 F.2d at 480. As to the first element, the Court entered a final decision on the merits in the earlier cases, Case Nos. 01-CV-71353-DT and 02-CV-71696-DT. As to the second element, some of the parties are the same. Although some of the parties are not the same, the newly-named Defendants were counsel to the parties in the previous lawsuits. Although the claims in the instant suit are based on alleged libelous writings by Defendants, Plaintiff's Complaint also seeks

6

to revisit the claims involving zoning issues and the police raid on his property, which have been ruled-upon by the Court in the previous lawsuits, as noted above. Inasmuch as Plaintiff is seeking review of the Court's previous rulings in the prior lawsuits, those claims are barred by *res judicata*.

The Court agrees with the Magistrate Judge that these Defendants have not shown they are entitled to sanctions because they have failed to identify a statute which allows such sanctions and Defendants have not followed the provisions under Rule 11 of the Rules of Civil Procedure for sanctions.

### III.    CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Magistrate Judge Capel's Report and Recommendation **(Docket No. 33, filed August 16, 2005)**, as amended by an Amended Report and Recommendation on August 16, 2005 **(Docket No. 34, filed August 16, 2005)** is ACCEPTED and ADOPTED as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that Defendants Thomas F. Myers and Garan, Lucow, Miller, P.C.'s Motion to Quash Plaintiff's Summons and Complaint is GRANTED and their Motion to Impose Sanctions is DENIED. **(See, Docket No. 6, filed March 16, 2005)**

IT IS FURTHER ORDERED that Defendants Mark L. Clark and McLean, Mijak and Clark, P.C.'s Motion to Dismiss and to Quash **(Docket No. 9, filed March 18, 2005)** is GRANTED.

IT IS FURTHER ORDERED that Defendants Kerr, Russell and Weber, P.L.C. and James R. Case's Motion to Quash Plaintiff's Summons and Complaint is GRANTED and their Motion to Impose Sanctions is DENIED. **(See, Docket No. 11, filed March 21, 2005)**

IT IS ORDERED that Magistrate Judge Capel's Report and Recommendation **(Docket No. 32, filed August 5, 2005)** is ACCEPTED and ADOPTED as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that Defendants Gregory T. Stremers, Touma, Watson, Whaling, Coury & Costello, P.C., Capac State Bank, Inc., Capac Bancorp, Inc. and Joseph F. Salas' Motion to Dismiss Complaint is GRANTED and their Motion to Impose Sanctions is DENIED **(Docket No. 16, filed March 24, 2005)**.

IT IS FURTHER ORDERED that Defendant Clinton Township's Motion to Dismiss is GRANTED and their Motion for Sanctions is DENIED **(Docket No. 26, filed April 25, 2005)**.

IT IS FURTHER ORDERED that Defendants G. Gus Morris and Cox, Hodgman and Giarmarco, P.C.'s Motion to Dismiss is GRANTED and for Sanctions is DENIED **(Docket No. 28, filed April 29, 2005)**.

IT IS FURTHER ORDERED that the Complaint is DISMISSED only as to the following Defendants: Thomas F. Myers; Garan, Lucow, Miller, P.C.; Mark L. Clark; McLean, Mijak and Clark, P.C.; Kerr, Russell and Weber, P.L.C; James R. Case; Clinton Township; G. Gus Morris and Cox, Hodgman and Giarmarco; Gregory T. Stremers; Touma, Watson, Whaling, Coury & Costello, P.C.; Capac State Bank, Inc.; Capac Bancorp, Inc.; and, Joseph F. Salas.

IT IS FURTHER ORDERED that this matter is REFEERRED BACK to the Magistrate Judge for all pre-trial proceedings, including issuing a scheduling order, ruling on any non-dipositive motions and issuing a Report and Recommendation on any dispositive motion. The remaining Defendants are: Armada Village, Inc., Nancy Parmenter, Joseph Golembiewski, Robert Standfest, Meadowbrook Claims Service, Macomb County, Macomb County Corporate Counsel, James S.

Meyerland, Ralph Goode, and John Doe.[2]

 /s/ DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED: October 25, 2005

  I hereby certify that a copy of the foregoing document was served upon counsel of record on October 25, 2005, by electronic and/or ordinary mail.

s/William F. Lewis
Case Manager

---

[2] An appearance has been filed on behalf of Macomb County, Macomb County Corporate Counsel and James S. Meyerland. There is no indication on the record whether the remaining Defendants (Armada Village, Inc., Nancy Parmenter, Joseph Golembiewski, Robert Standfest, Meadowbrook Claims Service, Ralph Goode and John Doe) have been served.