UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH RAIMONDO,

       Plaintiff,                          Case No.:  04-CV-74287-DT

                                            HON. DENISE PAGE HOOD
vs.                                      MAG. JUDGE WALLACE CAPEL, JR.

THOMAS F. MYERS, et. al.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

**I.**      **INTRODUCTION**

This action was filed on November 12, 2004, and referred back to this Magistrate Judge for all pretrial purposes on October 25, 2005, by the Honorable Denise Page Hood. A review of the case file in this matter indicated that service of the Complaint upon the remaining Defendants has not been accomplished as noted in that October 25 Order Accepting Reports and Recommendations and Order Referring Case to Magistrate Judge.

On October 31, 2005, this Magistrate Judge issued an Order to Show Cause instructing the Plaintiff to show cause in writing within ten days from receipt of the Order why he has failed to effect service of the Complaint and Summons upon the remaining Defendants in the action.

On November 17, 2005, the Plaintiff filed a Response to the Order. In his response, the Plaintiff stated that he made service of the Complaint and Summons upon the Defendants either by way of personal service, or by use of the United States mail service. Plaintiff had not, however, filed

the appropriate return of service of the Complaint and Summons with the Clerk of the Court to verify that service had been effected in the proper manner.

On November 21, 2005, this Magistrate Judge issued an Order to Provide Proof of Service, instructing Plaintiff to file a return of service of the Complaint and Summons with the Clerk of the Court within five days of receipt of the Order.

On November 30, 2005, Plaintiff filed a Response to the Court's Order. A review of the Plaintiff's Response and the court records establishes that Plaintiff has failed to comply with the Court's Orders as to Defendants Armada Village, Inc., Nancy Parmenter, Joseph Golembiewski, Robert Standfest, Meadowbrook Claims Service, Ralph Goode, and John Doe.

**II.     DISCUSSION**

Under Rule 4(m), Federal Rules of Civil Procedure, "if service of the summons and complaint is not made upon a defendant within 120 days after filing of the complaint the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time, provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal. Habib v. General Motors Corp., 15 F.3d 72, 83 (6th Circ. 1994).

Plaintiff's claims against these Defendants should be dismissed without prejudice for improper service. More than 120 days have passed since the filing of the Complaint, and Plaintiff has not shown good cause to justify a failure to effect timely service. In fact, Plaintiff has established just the opposite. Previous Defendants in this case were dismissed by Judge Hood's

October 25, 2005, Order due to Plaintiff's failure to properly effectuate service, and serve Defendants within the 120 day time requirements of Fed.R.Civ.P.4(m).  Yet, despite two Court Orders and a Report and Recommendation which detailed the problems with service, a review of Plaintiff's responses establishes that he stubbornly persisted in refusing to follow the procedures necessary to properly effectuate service.  Plaintiff, therefore, has not provided a basis for the Court to extend the time for service.

### III.    CONCLUSION

For the reasons stated above, it is respectfully recommended that the Court enter an order **DISMISSING** Plaintiff's claims against Armada Village, Inc., Nancy Parmenter, Joseph Golembiewski, Robert Standfest, Meadowbrook Claims Service, Ralph Goode, and John Doe.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the parties are hereby notified that within ten days after being served with a copy of this recommendation that they may serve and file specific, written objections to the proposed findings and recommendations.  Further, either party may respond to another party's objections within ten days after being served with a copy thereof.  The parties are further informed that failure to timely file objections may constitute a waiver of any further right of appeal to the United States Court of Appeals.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

In accordance with the provisions of Rule 6(b) of the Federal Rules of Civil Procedure, the Court, in its discretion, may enlarge the period of time in which to file objections to the report.

                S/Wallace Capel, Jr.
                **WALLACE CAPEL, JR.**
                **UNITED STATES MAGISTRATE JUDGE**

**Date:**   January 6, 2005

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2005, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: N/A,

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s):  Joseph Raimondo, P. O. Box 330, Armada, Michigan 48005, James S. Meyerand and Jill K. Smith, Macomb County Corporation Counsel, One S. Main, 8th Floor, Mt. Clemens, Michigan 48043.

                                            s/James P. Peltier
                                            United States District Court
                                            Flint, Michigan 48502
                                            810-341-7850
                                            E-mail: pete_peltier@mied.uscourts.gov